**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Plaintiff,

-vs.-

CAP 1631 GRAND AVE PROPERTY OWNER LLC, CAP 226 TREMONT AVE PROPERTY OWNER LLC, CAP 1786 TOPPING AVE PROPERTY OWNER LLC, MICHAEL RUBIN, the NEW YORK CITY ENVIRONMENTAL CONTROL BOARD and JOHN DOE #1 THROUGH JOHN DOE #131, inclusive, the names of the last 131 defendants being fictitious, the true names of said defendants being unknown to plaintiff, it being intended to designate any occupants or tenants of the mortgaged premises who are in default in the payment of rent for which a proceeding is now pending by the mortgagor and/or other persons or parties having or claiming an interest in or lien upon the mortgaged premises subordinate to that of the mortgagee, if the aforesaid individual defendants are living, and if any or all of said individual defendants be dead, their heirs at law, next of kin, distributees, executors, administrators, trustees, committees, devisees, legatees and the assignees, lienors, creditors, successors in interest of them, and generally all persons having or claiming under, by, through or against the said defendants named as a class, any right, title or interest in or lien upon the premises described in the complaint herein,

Defendants.

No. 1:24-cv-06142 (JHR)

**JUDGMENT OF FORECLOSURE AND SALE**

Upon all of the papers and pleadings filed in this action, including (i) the Summons and Complaint filed on August 13, 2024, (ii) the Notices of Pendency filed in the Bronx County Clerk's Office on August 14, 2024, (iii) Federal National Mortgage Association ("Plaintiff")'s motion (the "Motion") for an order (a) granting summary judgment against CAP 1631 Grand Ave Property Owner LLC, CAP 226 Tremont Ave Property Owner LLC, CAP 1786 Topping Ave Property Owner LLC (collectively, the "Borrowers"), and Michael Rubin (together with the Borrowers, the "Borrower-Defendants") pursuant to Federal Rule of Civil Procedure 56(a); (b) calculating the amount due under the mortgage loan documents at issue in this case as of November 30, 2025; (c) amending the caption of the case; (d) granting a Judgment of Foreclosure and Sale; and (e) granting such other relief as this Court deems just and proper, comprised of Plaintiff's memorandum of law in support of the Motion, the declaration of Dean L. Chapman Jr., Esq. in support of the Motion and the exhibits annexed thereto, the declaration of James Noakes in support of the Motion and the exhibits annexed thereto, and Plaintiff's Statement of Undisputed Material Facts,[1] and (iv) the Borrower-Defendants' letter consenting to entry of summary judgment on Plaintiff's causes of action for foreclosure and sale, it is hereby:

**ORDERED**, that summary judgment of foreclosure and sale is hereby granted to Plaintiff and against the Borrower-Defendants and the New York City Environmental Control Board ("ECB"); and it is further

**ORDERED**, that Peter A. Axelrod, with an address of 260 Madison Avenue, New York, New York 10016, and contact information of paxelrod@afdny.com and +1 (212) 702-0900 is hereby appointed "Sale Referee"; and it is further

[1] Capitalized terms used but not defined herein shall have the meaning given to them in Plaintiff's Statement of Undisputed Material Facts.

**ORDERED**, that the total amount due to Plaintiff by the Borrowers under the loan documents governing Plaintiff's mortgage loans for the mortgaged premises commonly known as 1631 Grand Ave., Bronx, NY 10453 (the "Grand Ave Property"), 1786 Topping Ave., Bronx, NY 10457 (the "Topping Ave Property"), and 226 West Tremont Ave., Bronx, NY 10453 (the "West Tremont Ave Property," each a "Property," and, collectively, the "Properties," securing the "Mortgages") described in the Complaint and in Schedule "A" is to be calculated by the Sale Referee as of the date of the foreclosure sale or sales (the "Indebtedness"); and it is further

**ORDERED**, that for his services calculating the Indebtedness, the Sale Referee shall collect a fee of $1,500.00 per Property; and it is further

**ORDERED**, that the Sale Referee shall, subject to the approval of Plaintiff, determine whether the Properties will be sold as collective or separate parcels (the "Parcel Determination"); and it is further

**ORDERED**, that each Property shall be sold with all respective fixtures and articles of personal property annexed to, installed in, or used in connection with such Property, all as more fully set forth in the aforementioned mortgages, within ninety days of the date of the judgment at a public auction at the United States Courthouse, 500 Pearl Street, New York, NY 10007 by and under the direction of the Sale Referee and that the Sale Referee shall give public notice of the time and place of such sale according to law and practice of this Court and RPAPL § 231; and it is further

**ORDERED**, that subject to the Parcel Determination, with respect to the auction, the Sale Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record (the "Purchaser"), and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the Property or Properties being sold, and pay to the Sale Referee, in

cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

**ORDERED**, that in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding, or fails to immediately pay the ten percent (10%) deposit as required, the Property or Properties shall immediately and on the same day be reoffered at auction; and it is further

**ORDERED**, that the Sale Referee shall then deposit the down payment and proceeds of any sale, as necessary, in an FDIC insured bank (the "Depository") in his own name as the Sale Referee; and it is further

**ORDERED**, that the closing of title for the Property or Properties sold shall be had no more than thirty days after the sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED**, that, at closing of title, the Sale Referee shall determine which portion of the Indebtedness for each respective Property, if any, is junior to any lien of the ECB, and make payment accordingly notwithstanding the payment waterfall set forth herein; and it is further

**ORDERED**, that at closing of title, the Sale Referee shall execute to the Purchaser a deed of the Property or Properties sold in exchange for receipt of the proceeds of the sale; and it is further

**ORDERED,** that the Sale Referee shall then deposit the balance of the proceeds of the sale or sales in his own name as Sale Referee in the Depository, and make the following payments with respect to each sale:

FIRST. To the Sale Referee, the sum of $750 per Property for his fees.

SECOND. All taxes, assessments, sewer rents or water rates which are, or may become, liens on each Property at the time of sale, with such interest or penalties which may have lawfully accrued to the date of payment.

THIRD. To Plaintiff or the Sale Referee, as appropriate, the expenses of the sale and the advertising expenses as shown on the bills presented to the Sale Referee and certified by him to be correct, duplicate copies of which shall be annexed to the report of sale.

FOURTH. To Plaintiff, subject to the Parcel Determination, the amount of Indebtedness set forth *supra,* this being the amount due and owing to the Plaintiff under the loan documents governing Plaintiff's mortgage loans for the Properties or as much as the purchase money of each Property will cover.

FIFTH. To the extent of any surplus remaining after the payment of the foregoing sums, to all entities holding any valid lien junior in priority to the respective mortgage being foreclosed (including the ECB), the value of those loans.

SIXTH. If the Sale Referee intends to apply for a further allowance for his fees, an application shall be made to this Court therefor and the Sale Referee shall be paid any additional amount awarded by this Court out of the surplus monies arising from the sale; and it is further

**ORDERED**, that surplus monies remaining after payment of the amounts FIRST through SIXTH, if any, shall be withdrawn only on the order of a Judge of this Court; and it is further

**ORDERED**, that in the event that the Plaintiff or a governmental agency thereof is the purchaser of any Property or Properties at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the Sale Referee or their duly appointed designee, the Sale Referee shall not require Plaintiff to pay in cash

the amount bid at the sale, but shall execute and deliver to Plaintiff a deed or deeds of any Property sold upon either (i) payment to the Sale Referee of the amounts specified above as "FIRST," "SECOND," and "THIRD," *supra,* or (ii) filing with the Sale Referee receipts showing the payment thereof; that if there shall be a surplus over and above the amounts due to Plaintiff specified as "FOURTH" *supra,* then Plaintiff shall pay to the Sale Referee, upon delivery to Plaintiff of the Sale Referee's deed, the amount of such surplus; that the Sale Referee shall then deposit the balance with the Depository; and it is further

**ORDERED**, that all expenses of recording the Sale Referee's deed(s), including real property transfer tax, which is not a lien upon any Property at the time of sale, shall be paid by the Purchaser, not by the Sale Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law § 1404; and it is further

**ORDERED**, that the Sale Referee or his duly appointed designee shall make reports of each sale and shall file their reports with the Clerk of the Court with all convenient speed. If the proceeds of any sale be insufficient to pay the amount adjudged due to Plaintiff for the mortgage loan or loans with the expenses, interests and costs as aforesaid, said Sale Referee or their duly appointed designee shall specify the amount of such deficiency in his report of sale; and it is further

**ORDERED**, that Plaintiff's claim for such deficiency shall be held in abeyance until after the sale(s) of all Properties is/are complete; and it is further

**ORDERED**, that the action with respect to the Borrower-Defendants' personal liability is hereby severed; and it is further

**ORDERED**, that should there remain a deficiency following the sale(s) of all Properties, Plaintiff may recommence litigation against the Borrower-Defendants to determine the personal liability of the Borrower-Defendants for any or all of the mortgage debt and, to the extent liable,

to recover from the Borrower-Defendants for such mortgage loan(s) the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after the sale(s) of the Properties and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the New York Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED**, that, for the avoidance of doubt, Plaintiff and the Borrower-Defendants retain all rights, claims, and defenses with respect to any personal liability and potential damages under the governing loan documents; and it is further

**ORDERED**, that each and all of the Defendants, and all the persons claiming under them, after filing of the notice of the pendency of this action, be and hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in each Property and each and every party thereof; and it is further

**ORDERED,** that each Property is to be sold in "as is" physical order and condition, subject to any state of facts that an inspection of each Property would disclose, any state of facts that an accurate survey of each Property would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which each Property is located and possible violations of same; any rights of tenants or person in possession of each Property; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law.

A description of each Property is annexed hereto and made a part hereof as Schedule "A".

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: August 26, 2026

**SCHEDULE A**
**DESCRIPTION**

**1631 Grand Ave., Bronx, NY 10453**

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Grand Avenue, distant 207.76 feet easterly from the corner formed by the intersection of the northerly side of Grand Avenue and the easterly side of Macombs Road;

RUNNING THENCE northerly at right angles to the northerly side of Grand Avenue, 89.26 feet;

THENCE northeasterly along a line which forms an interior angle of 113 degrees 14 minutes 52 seconds with the last mentioned course, 27.21 feet;

THENCE easterly along a line which forms an interior angle of 156 degrees 45 minutes 08 seconds with the last mentioned course, 75.00 feet;

THENCE southerly at right angles with the last mentioned course, 100.00 feet to the northerly side of Grand Avenue;

THENCE westerly along the northerly side of Grand Avenue, 100.00 feet to the point of place of BEGINNING.

**226 West Tremont Ave., Bronx, NY 10453**

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough, City and State of New York, designated on the Tax Map of the City of New York being more particularly bounded and described as follows:

BEGINNING at a point on the southerly side of West Tremont Avenue, distant 210.06 feet as the same curves westerly from the corner formed by the intersection of the southerly side of West Tremont Avenue with the westerly side of Montgomery Avenue;

THENCE southerly along a line forming an angle on its westerly side of 13 degrees 23 minutes and 15 seconds with the radial line through the point of beginning, a distance of 98.43 feet;

THENCE westerly at right angles with the last mentioned course, 41.23 feet;

THENCE continuing northwesterly on a line forming an interior angle of 135 degrees, 11 minutes 50 seconds on its northerly side with the last mentioned course, 128.72 feet;

THENCE northeasterly along a line forming an angle of 102 degrees, 10 minutes 50 seconds on its easterly side with the last mentioned course, 71.18 feet to a point on the southerly side of West Tremont Avenue;

THENCE easterly along the southerly side of West Tremont Avenue, as the same curves, a distance of 109.04 feet to the point or place of BEGINNING.

**1786 Topping Ave., Bronx, NY 10457**

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Bronx, County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the easterly side of Topping Avenue and the southerly side of East 175th Street;

RUNNING THENCE easterly along the southerly side of East 175th Street, 95.0 feet;

THENCE southerly parallel with Topping Avenue, 95.0 feet;

THENCE westerly parallel with East 175th Street, 95.0 feet to the easterly side of Topping Avenue;

THENCE northerly along the easterly side of Topping Avenue, 95.0 feet to the point or place of BEGINNING.